*January Term, 1861.*

*BACON v. BICKNELL el al.*

---

## BACON vs. BICKNELL and another.

In an action on a promissory note, by the payee, where the defendant admits the making of the note, and alleges a failure of consideration as the only defense, the court should not nonsuit the plaintiff because it appears that the note is not in court at the time of the trial, but is in the hands of the plaintiff's attorney in another county.

January Term, The plaintiff may properly be required, in such case, to produce the note and
    1861.          cancel it before judgment is given in his favor.

BACON "
     v.          APPEAL from the Circuit Court for *Jefferson* County.
BICKNELL et al..  The case is stated in the opinion of the court.
                  *Enos & Hall*, for appellant.
                  *N. S. Murphy*, for respondents.

April 10.     *By the Court*, COLE, J.   This was an action upon a prom-
          issory note, made and delivered by the respondents to the
          appellant.   It was alleged in the complaint that the appel-
          lant was the lawful owner and holder of the note, and that
          no part of the principal sum had been paid.   The respon-
          dents admitted the making and delivery of the note as was
          alleged in the complaint, and alleged in substance that the
          consideration of the note had failed.

              On the trial, the counsel for the appellant, to maintain
          the issue on his part, read to the court and jury the plead-
          ings in the action, and called his client as a witness, who
          testified that he was the owner and holder of the note set
          forth in the complaint, at the time the action was com-
          menced, and was then the holder of it; that there was due
          upon it the sum mentioned in the complaint; but that the note
          was then in the hands of Mr. Tichenor, his attorney, in Wau-
          kesha, and was not in court.   Thereupon resting, the coun-
          sel for the respondent moved for a nonsuit, which was
          granted.   The simple question is, was the nonsuit properly
          granted under the circumstances?   We think not.

              The making and delivery of the note was admitted in the
          answer, and the only defect in the appellant's case was that
          he did not happen to have the note *then* in court, although
          it appeared he was the owner of it, and that it was in posses-
          sion of his lawyer in an adjoining county.   It seems to us
          that the fact of the note not then being in court was not a suffi-
          cient reason for granting the nonsuit.   The appellant might
          properly have been required to produce the note and cancel
          it before judgment, so as to have indemnified the respond-
          ents against any claim on the note in future.   The note had
          been long past due, and there was but little danger of its
          coming into the hands of any party, by the fraud or negli-

gence of the appellant, who could give the makers any trouble upon it. But still there was no difficulty in the appellant's producing the note, and filing it with the records of the court, before judgment was given in his favor upon it. It seems to us that this was all that was necessary for the protection of all parties. There was no doubt about the existence of the note; no dispute as to its terms and conditions; and its absence was satisfactorily accounted for. The cause of action had been established by the pleadings and evidence, as fully as it could have been by the note itself. But as a measure of safety for the makers, the appellant might have been required to produce the note and cancel it before judgment. This is all that could have been requisite or necessary to protect them against any possible contingency.

We think, therefore, that the nonsuit should be set aside, and a new trial ordered.